IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNON KING, JR., <br> TDCJ-CID NO. 590316, <br><br> Plaintiff, <br><br> v. <br><br> RICK THALER, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-12-3468 |

**MEMORANDUM OPINION AND ORDER**

Vernon King, Jr. is confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), serving a life sentence for murder since 1991. His prison record, which includes a 1997 conviction for possession of a deadly weapon in a penal institution, shows that he has not been a model prisoner. See TDCJ-CID Records, http://offender.tdcj.state.tx.us/. King has a long history of filing frivolous and vexatious prisoner suits. Pending before the court is another complaint filed by King accompanied by an application to proceed in forma pauperis ("IFP"). The court will dismiss this action and will deny the application for the reasons stated below.

King has filed more than 44 prisoner civil rights complaints and appeals in the federal district courts in Texas and the United States Court of Appeals for the Fifth Circuit. At least eight of these proceedings have been dismissed as frivolous and in

some instances King has been warned against filing future frivolous complaints or appeals. See King v. Livingston, No. 10-41053 (5th Cir. June 14, 2011); King v. Pace, No. 97-40834 (5th Cir. Feb. 10, 1998); King v. Turner, No. 97-40832 (5th Cir. Feb. 10, 1998); King v. Dowdy, No. 96-50256 (5th Cir. July 16, 1996) (also warned); King v. Little, No. 96-50183 (5th Cir. June 27, 1996) (also warned); King v. Pace, 6:97cv435 (E.D. Tex. June 12, 1997); King v. Little, 6:95cv328 (W.D. Tex. Feb. 26, 1996).

As a consequence of King's prison litigation history, the Fifth Circuit has barred him from proceeding as a pauper in any civil action or appeal while he is in prison unless he is under imminent danger of serious physical injury." King v. Pace, No. 97-40834, citing 28 U.S.C. § 1915(g); King v. Turner, No. 97-40832. He has also been warned that he may be subject to additional sanctions if he continues to file frivolous suits. King v. Livingston, H-10-0238 (S.D. Tex. Feb. 25, 2010) (dismissed pursuant to § 1915(g)). King has also been ordered to pay $120.00 for his willful failure to comply with court orders to clarify his claims. King v. Dowdy, No. 6:95cv368 (W.D. Tex. Mar. 27, 1996). He has also been barred from initiating any new civil rights action until he has paid the court ordered sanction. Id. The docket record for that proceeding does not indicate that King has paid the sanction. Id. Therefore, he is not authorized to file any new actions subject to a ruling from the Western District.

Under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has on three or more prior occasions filed prisoner actions in federal court or appeals in a federal court of appeals that were dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). A prisoner subject to a three strikes bar can only avoid the bar if he shows that he is in danger of serious physical injury at the time he files his complaint. Malik v. McGinnis, 293 F.3d 559 (2d Cir. 2002).

The pleadings filed in this action parallel those filed in King v. Dowdy, No. 6:95cv368. As he did in King v. Dowdy, King has submitted pleadings in this case that were unintelligible, and he was instructed to file a legible complaint. See Notice of Deficient Pleading (Docket Entry No. 3). Although King's amended complaint (Docket Entry No. 9) is poorly written, he states that he was assaulted on June 22, 2012. Id. at 4. He also complains that he was denied medical treatment after the assault and that efforts were made to conceal this misconduct. However, there are no facts indicating that King has been assaulted since June 22 or that he suffers from some serious malady after the assault that still needs medical attention. He only states that he is in fear of another assault.

Frequent filers sometimes assert that they are in imminent danger so they can avoid § 1915(g)'s bar against future IFP applications. But when they allege only a single, non-recurring

injury, the courts should deny them leave to proceed IFP. Ciarpaglini v. Saini, 352 F.3d 328, 330-31 (7th Cir. 2003), citing Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once is not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996). "Allegations of past harm do not suffice." Ciarpaglini at 330-31. King alleges that he was assaulted on June 22, 2012, but his initial pleadings indicate that he did not execute his complaint and submit it for mailing until November 13, 2012, at the earliest (Docket Entry No. 1, at 5). Given the remote date of the alleged assault, King has failed to show that he is in any immediate danger of being harmed. See Abdul-Akbar, 239 F.3d at 315. His conclusory allegations are insufficient to warrant an exception to the § 1915(g) bar against him. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Consequently, King has failed to show that he is eligible to proceed as a pauper. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998).

In addition, King has been evasive about his previous litigation activities when completing the § 1983 forms. When asked whether he has been sanctioned or warned by any court, King responds that he "[c]annot remember" (Docket Entry No. 9, at 4-5). In screening prisoner complaints courts liberally construe the pleadings and, generally, accept all allegations as true. However, courts may take judicial notice of related court proceedings and records when determining the validity of the claims before them.

MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587-88 (5th Cir. 1985). Given King's extensive history of filing frivolous complaints and appeals, which have resulted in numerous orders rebuking him for his abuse of the court system, it strains the court's credulity to conclude that King "cannot remember" the sanctions ordered against him. Mathis v. Smith, 181 F. App'x 808, 809 (11th Cir. 2006) (§ 1915 authorizes the courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"), quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). In light of King's dishonesty regarding his litigation history and his pleadings, which are devoid of any facts showing that he is in any real danger, the court concludes that he should not be allowed to proceed in forma pauperis and that this action should be dismissed. Mathis, 181 F. App'x at 809-810.

The court also concludes that a monetary sanction should be ordered to deter King from continuing his abuse of the judicial system. See Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988) ("We do not sit as means by which the system can be punished - or to be punished ourselves - by the pursuit of frivolous or malicious appeals by disgruntled state prisoners."). Therefore, the TDCJ-CID Inmate Trust Fund shall be instructed to withdraw One Hundred Dollars ($100.00) from King's Inmate Trust Account. King may not withdraw any funds from the account until the sanction is paid.

The court **ORDERS** the following:

1. The Application to Proceed Without Prepayment of Fees (Docket Entry No. 7) and Motion for Relief (Docket Entry No. 10) are **DENIED**.

2. The prisoner civil rights complaint and amended complaints (Docket Entry Nos. 1, 5, 8, and 9), filed by TDCJ-CID Inmate Vernon King, Jr., TDCJ-CID No. 590316, are **DISMISSED** as barred by statute and court order.  28 U.S.C. § 1915(g).

3. King is **SANCTIONED** for his abuse of the judicial system and shall pay $100.00 to the Clerk of this court.

4. <u>The TDCJ-CID Inmate Trust Fund shall place a hold on King's trust account (No. 590316) until $100.00 has accumulated in the account.  At that time, the Inmate Trust Fund shall forward $100.00 to the Clerk pursuant to this Memorandum Opinion and Order.</u>

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number 936-437-4793; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702 by mail, fax, or electronic means.

**SIGNED** at Houston, Texas, on this 14th day of March, 2013.

                                                SIM LAKE
                              UNITED STATES DISTRICT JUDGE